**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

No. 14-575C
(Filed: December 15, 2014)

DEC 1 5 2014

U.S. COURT OF
AL CLAIMS

| | |
|---|---|
| ISAAC KELVIN ALLEN, ) | |
| ) | |
| Plaintiff, ) | *Pro Se* Plaintiffs; Motion to Dismiss for |
| ) | Lack of Subject Matter Jurisdiction; |
| v. ) | RCFC 12(b)(1); Plea Agreement |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

*Isaac Kelvin Allen*, Beaumont, TX, Plaintiff, *pro se*.

*Jana Moses*, with whom were *Stuart F. Delery*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

### OPINION AND ORDER

**KAPLAN, Judge:**

Plaintiff in this case, Isaac K. Allen, filed this pro se action on July 8, 2014, seeking to "overturn" and "declare void" a plea agreement between himself and the United States Attorney's Office for the Middle District of Florida. Currently pending before the Court is the government's motion to dismiss the case pursuant to Rules of the Court of Federal Claims (RCFC) 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, the government's motion is **GRANTED**.

## BACKGROUND[1]

On May 31, 2007, Mr. Allen was charged in an indictment in the United States District Court for the Middle District of Florida with two counts of making false statements to a financial institution and two counts of aggravated identity theft. Complaint (hereinafter "Compl.") at ¶ 4. Thereafter, Mr. Allen alleges, he retained counsel to represent him in order to secure a plea agreement on his behalf. Id. at ¶ 4. He further alleges that after the U.S. Attorney's Office presented his attorney with a copy of a written plea agreement, she asked him to sign it immediately, notwithstanding that he did not fully agree with its terms. Id.

Mr. Allen alleges that during a plea hearing on September 13, 2007, held pursuant to Fed. R. Crim. P. 11, both parties agreed to amend the terms of the plea agreement that Mr. Allen had previously executed. Id. at ¶¶ 5-8. Specifically, Mr. Allen claims, the parties agreed to correct the labeling of the felony of aggravated identity theft from a Class D felony (carrying a three year statutory maximum term of supervised release) to a Class E felony (carrying a one year statutory maximum term of supervised release). Id. at ¶ 6. He also alleges that the parties agreed to revise the facts section of the agreement to remove from it any discussion of the conduct of his common law wife (who was apparently indicted separately). Id. at ¶ 7. Finally, Mr. Allen claims, the parties agreed to reduce the loss amount for sentencing guideline purposes from "more than $200,000" to "more than $120,000." Id. at ¶ 8.

Notwithstanding these agreements, Mr. Allen claims, when the United States District Court for the Middle District of Florida accepted his plea of guilty, none of the agreed upon revisions were included in the plea agreement. Compl. at ¶ 9. Thereafter, on January 15, 2008, Mr. Allen was sentenced to three years of supervised release for each count of aggravated identity theft and ordered to pay restitution joint and several with his common law wife. Id.

On January 26, 2009, Mr. Allen filed a motion to vacate, set aside, or correct his sentence, claiming in part ineffective assistance of counsel for failure to alert the district court to the revised plea agreement. Compl. ¶ 10. On August 13, 2010, the district court denied Mr. Allen's motion. Id.

As noted, Mr. Allen filed the instant complaint in this Court (styled a "Motion to Overturn Plea Agreement") on July 8, 2014. Mr. Allen claims that—as a result of the failure of his counsel and the U.S. Attorney's office to submit a modified plea agreement for the district court's consideration, as discussed at the September 13, 2007 hearing—he is now subject to the terms of both the original agreement (which he signed) and the terms of the modifications agreed to at the hearing. Compl. at ¶¶ 1, 18-21. Mr. Allen urges that the Court invalidate the agreement that he claims was created as a result of the colloquy that occurred at the hearing, leaving in place the agreement that he signed. Id. at ¶ 38. Specifically, he requests that he "be released of all waivers, promises and obligations [contained in the modified agreement]," and requests further that the Court "declare the entire agreement void." Id. at page 14.

---

[1] The facts in this section are taken from the allegations in the complaint, which are assumed to be true for purposes of ruling on the government's motion to dismiss.

## DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction that, pursuant to the Tucker Act, may hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

In ruling on a motion to dismiss, the Court assumes all undisputed factual allegations to be true and construes all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In this case, plaintiff has failed to establish that his claims are within the jurisdiction of this Court. The gravamen of his complaint is a claim that he is now bound by two separate plea agreements for one conviction (the written agreement he executed and the agreement he alleges was created orally during his plea hearing by virtue of the colloquy between the U.S. Attorney, his counsel, and the district court). He asks the Court to invalidate the second agreement. While it is unclear to the Court why Mr. Allen believes that he is now subject to two plea agreements, or why he seeks the invalidation of the second alleged agreement (rather than the first), one thing is clear: as Mr. Allen has expressly stated, he is not asserting a claim for money damages. Plaintiff's Response to Motion to Dismiss (Pl. Resp. at ¶ 4).

It is well established that "breaches of plea agreements and other agreements arising out of the criminal justice system do not ordinarily give rise to claims for money damages," and so do not fall within this Court's Tucker Act jurisdiction. Sanders v. United States, 252 F.3d 1329, 1335 (Fed. Cir. 2001) (citing 1–95–CV–553–P1 v. 1–95–CV–553–D1, 75 F.3d 135, 136 (2d Cir. 1996) (observing that "the only remedies available for breach of a plea agreement are enforcement of the agreement or affording the defendant an opportunity to withdraw the plea"); Sadeghi v. United States, 46 Fed. Cl. 660, 662 (2000) ("Because administering the criminal justice system is an activity that lies at the heart of sovereign action, breach of contract arising out of the criminal justice system does not ordinarily give rise to an action under the Tucker Act for damages.")). As the court of appeals noted in Sanders,

> There are important policy considerations that support this rule. United States district courts and corresponding state courts, for example, are assigned the primary role in overseeing and enforcing agreements that arise out of and implicate the criminal justice system. As the Court of Claims noted in Kania [v. United States, 650 F.2d 264, cert.denied, 454 U.S. 895 (1981)], "the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not" to that court. Kania, 650 F.2d at 268. Under such circumstances, "[i]t is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials." Id. at 269.

252 F.3d at 1335-36.

To be sure, as the Federal Circuit observed in Sanders, it is theoretically possible that an agreement reached in a criminal case could "provide for monetary liability for breach, assuming that the prosecutors had authority to enter into such an agreement." 252 F.3d at 1335 (citing Kania, 650 F.2d at 268). "But such liability should not be implied, and could exist only if there was an unmistakable promise to subject the United States to monetary liability. This would require the same kind of express language (in both written and oral agreements) required by the unmistakability doctrine concerning government liability for the exercise of sovereign power." Id. (citing United States v. Winstar Corp., 518 U.S. 839, 878-80 (1996) (plurality opinion).

In this case, as noted, Mr. Allen does not allege that his plea agreement with the government provided for monetary liability for a breach, nor could he. And he does not seek monetary damages; rather, he asks the Court to "overturn" or declare "void" the plea agreement he claims was entered at the September 2007 hearing. Accordingly, this Court lacks jurisdiction under the Tucker Act to consider his claims.

## CONCLUSION

On the basis of the foregoing, this Court lacks jurisdiction over the plaintiff's complaint. Thus, the government's motion to dismiss is **GRANTED**, and this case dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

4